# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

KELSEY OLDERSHAW

individually and on behalf of others
similarly situated

Plaintiffs,

v.

DAVITA HEALTHCARE PARTNERS, INC. AND
TOTAL RENAL CARE INC.

Defendants.

## COLLECTIVE AND CLASS ACTION COMPLAINT

Class Representative, KELSEY OLDERSHAW, individually and on behalf of all others similarly situated (hereinafter referred to as Plaintiff), by and through her counsel, for her Complaint against Defendants DAVITA HEALTHCARE PARTNERS, INC. and TOTAL RENAL CARE INC. (hereinafter referred to as "Defendants") hereby state and allege as follows:

### PRELIMINARY STATEMENTS

1. Defendants are a Fortune 500 Company that provides a variety of health care services to patients thought the United States and abroad.  Defendants specialize in dialysis services for patients with chronic kidney failure and end stage renal disease.

2. Plaintiff and those similarly situated are non-exempt hourly employees of Defendants. Plaintiff and those similarly situated are all subject to the same illegal policy and practice of failing to pay workers for all time worked and failing to pay overtime wages.

3. Plaintiff and those similarly situated were/are not properly paid for all work performed for the benefit of the employer.

4. Plaintiff and those similarly situated were/are not properly paid for overtime, time and a half, for over forty (40) hours in a workweek.

5. Plaintiff and those similarly situated were automatically clocked out by Defendants for their meal breaks, but were/are required to perform work-related duties during meal breaks. Plaintiff and those similarly situated were/are not paid for work-related interruptions that occurred/occur during meal breaks during their shifts wherein they worked more than five consecutive hours. Defendants failed to change Plaintiff's and those similarly situateds' time records to reflect the additional time worked on behalf of the employer even when Plaintiff and those similarly situated requested that their time records be corrected by management.

6. Plaintiff and those similarly situated were/are not properly paid for other work-related duties which occurred outside of their scheduled shift hours and/or on weekends. Defendants failed to change Plaintiff's and those similarly situateds' time records to reflect the additional time worked on behalf of the employer even when Plaintiff and those similarly situated requested that their time records be corrected by management.

7. Defendants failed to properly maintain accurate daily records of all hours worked by Plaintiff and those similarly situated as required by federal and state law because Defendants are not properly recording all hours worked, including overtime.

8. Plaintiff requested her time entries and pay stubs records detailing hours worked and payment for such hours, but Defendants terminated her employment and refused to produce her time entries and pay stubs because it was Defendants' policy. Defendants' policy of refusing to produce time entries and pay stubs applies to Plaintiff and those similarly situated.

9. Defendants breached their contractual commitment to Plaintiff and those similarly situated and subjected Plaintiff and those similarly situated by violating Defendants' policies and procedures regarding pay and anti-harassment of employees.

10. Plaintiff and those similarly situated attempted to report the above-mentioned wage violations and Plaintiff and those similarly situated were harassed and retaliated against for asserting these rights in violation of federal and state law.

11. This cause of action is brought as a collective action to recover from Defendants unpaid wages, overtime compensation, a declaratory judgment, liquidated damages, compensatory damages, punitive damages, costs and attorneys' fees and pre and post judgment interest associated with the bringing of this action, plus any additional relief that is just and proper for Plaintiff and those similarly situated pursuant to federal and state law.

## JURISDICTION AND VENUE

12. Plaintiff and those similarly situated incorporate herein by this reference the allegations contained in Paragraphs 1 through 11 of this Complaint as if set forth *verbatim*.

13. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's and those similarly situateds' FLSA claims are based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

14. Subject Matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendants were/are an enterprise engaged in interstate commerce or in the production of goods for consumers as defined § 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s). The annual gross sales volume of the Defendant was in excess of $500,000 per annum.

15. Alternatively, Plaintiff and those similarly situated worked in interstate commerce so as to fall within the protections of the FLSA.

16. This Court also has jurisdiction over Plaintiff's and those similarly situateds' claims for violations of the Colorado Wage Act, and breach of contract claims pursuant to 28 U.S.C. § 1367 because the State claims are so related to the FLSA claims that they form part of the same case or controversy and arise out of the common nucleus of operative facts.

17. Venue is proper in the District of Colorado pursuant to 28 U.SC. § 1391(b).

## COVERAGE PURUSANT TO THE FAIR LABOR STANDARDS ACT

18. Plaintiff and those similarly situated incorporate herein by this reference the allegations contained in Paragraphs 1 through 17 of this Complaint as if set forth *verbatim*.

19. At all times material hereto, Plaintiff and those similarly situated were "employees" of Defendants within the meaning of FLSA because they were individuals employed by an employer.

20. At all times material hereto, Defendants were an "employer" within the meaning of FLSA because Defendants acted directly or indirectly in the interest of the employer in relation to an employee. 29 U.S.C. § 203(d). *See Koellhoffer v. Plotke-Giordani*, 858 F. Supp. 2d 1181, 1189 (D. Colo. 2012).

21. The FLSA "defines the verb 'employ' expansively to mean 'suffer or permit to work.' " *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 326, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992) (quoting 29 U.S.C. § 203(g)). "An entity 'suffers or permits' an individual to work if, as a matter of 'economic reality', the entity functions as the individual's employer." *Goldberg v. Whitaker House Coop., Inc.,* 366 U.S. 28, 33, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961).

22. At all times material hereto, Defendants were/are an employer because Defendants had the ability to do the following with respect to Plaintiff and those similarly situated: hire and fire,

      supervise work schedules and conditions of employment, determined rates and method of payment and were obligated under the law to maintain employment records.

23. Also, at all times material hereto, Defendants were/are an employer because Defendants held exclusive operational control over Plaintiff and those similarly situated, were solely responsible for the day-to-day operations *and* had direct responsibility for the supervision of the Plaintiff and those similarly situated.

24. At all times material hereto, Defendants employed two (2) or more employees.

25. At all times material hereto, Defendants were, and continue to be an "enterprise engaged in commerce" within the meaning of FLSA.

26. The FLSA defines an enterprise engaged in commerce or in the production of goods for commerce as one that "(a)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; *and* (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000...." 29 U.S.C. § 203(s)(1).

27. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

28. At all times material hereto, Defendants gross annual revenue was in excess of $500,000 per annum during the relevant time periods.

29. At all times material hereto, Plaintiff and those similarly situated were "engaged in commerce" and subject to individual coverage of the FLSA.

30. Likewise, section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. Because none of the FLSA exemptions apply to Plaintiff and those similarly situated, at all times material hereto, Plaintiff and those similarly situated were/ are non-exempt.

## PARTIES

31. Plaintiff and those similarly situated incorporate herein by this reference the allegations contained in Paragraphs 1 through 30 of this Complaint as if set forth *verbatim*.

32. At all times pertinent hereto, individual Plaintiff KELSEY OLDERSHAW resided in the State of Colorado with a residential address in Castle Rock, CO 80104.

33. At all times pertinent hereto, individual Plaintiff KELSEY OLDERSHAW worked as a non-exempt hourly employee for Defendants as an Executive Assistant and Divisional Operations

      Coordinator supporting four individuals who oversaw operations throughout the entire United States.

34. At all times material hereto, Plaintiff and all similarly-situated employees were performing their duties for the benefit of and on behalf of Defendants.

35. Defendants should be in possession of the time entries and wage records for Plaintiff, individually and collectively, for each and every workweek.

36. Upon information and belief, Defendant DAVITA HEALTHCARE PARTNERS is a Colorado incorporated company organized under the laws of Colorado doing business at 2000 16th Street Denver, CO 80202.

37. Upon information and belief, Defendants TOTAL RENAL CARE, INC. is a Colorado incorporated company organized under the laws of Colorado doing business at 2000 16th Street Denver, CO 80202.

38. Defendants are/were employers for the purposes of the FLSA, and are the proper Defendants/employers for the Plaintiff and other similarly situated, non-exempt workers of Defendants.

## COLLECTIVE AND CLASS ALLEGATIONS

39. Plaintiff and those similarly situated incorporate herein by this reference the allegations contained in Paragraphs 1 through 38 of this Complaint as if set forth *verbatim*.

40. Plaintiff brings her First Claim for Relief, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). In addition to the claims of Class Representatives, Plaintiff brings a Colorado Wage Act claim and a breach of contract claim as a collective action pursuant to Colo. R. Civ. P. 23 and/or Fed. R. Civ. P. 23, on behalf of herself and as representatives of the following class: all current and former non-exempt employees of Defendants who worked for the Defendants at any time in the last three years who were not paid for all of the time they performed work-related tasks including overtime.

41. The FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b). The Colorado State law claims, if certified for class-wide treatment, may be pursued by all similarly-situated Colorado Opt-in Plaintiffs who do not opt-out of the class.

42. Plaintiff, individually and on behalf of other similarly-situated employees (hereinafter also referred to as Opt-in Plaintiffs) seeks relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to accurately record all hours worked and failing to pay Opt-in Plaintiffs for all hours worked, including overtime compensation. She also seeks relief on a collective basis for any and all retaliation for asserting their rights and breach of contract. The number and identity of other Opt-in Plaintiffs be determined from the records of

Defendants, and potential class members may easily and quickly be notified of the pendency of this action.

43. Plaintiff and Opt-in Plaintiffs satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

44. Opt-in Plaintiffs satisfy the numerosity standards; as a result joinder of all class members in a single action is impracticable.

45. There are questions of fact and law common to the Opt-in Plaintiffs that predominates over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the state law claims.

46. Plaintiff's claims are typical of those of the Opt-in Plaintiffs in that the Opt-in Plaintiffs have been employed by Defendants as non-exempt employees and were subject to the same or similar unlawful withholding of pay of the Plaintiff.

47. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the Opt-in Plaintiffs. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

48. Plaintiff is an adequate representatives of the class because she is a members of the class and her interests do not conflict with the interests of the Opt-in Plaintiffs she seeks to represent. The interests of the members of the class will be fairly and adequately protected by the Plaintiff and their undersigned counsel, who have experience prosecuting complex wage and hour, employment, and/or other complex civil litigation.

49. Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each Opt-in Plaintiff who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Opt-in Plaintiffs.

-6-
COLLECTIVE ACTION COMPLAINT

# FIRST CLAIM FOR RELIEF

## Violation of the Fair Labor Standards Act of 1938 and Failure to Maintain Records

### (ALL CLASS MEMBERS)

50. Plaintiff and those similarly situated re-allege, and incorporate here by reference, all allegations contained in paragraphs 1 through 49 of this Complaint as if set forth *verbatim*.

51. At all times material herein, Opt-in Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.

52. The FLSA regulates, among other things, payment of overtime pay by employers such as the Defendants.

53. Defendants were, and are, subject to the recordkeeping and overtime pay requirements of the FLSA because they are an enterprise engaged in commerce and its employees are engaged in commerce.

54. Defendants violated the FLSA by failing to pay Opt-in Plaintiffs for all of their time worked, including overtime. In the course of perpetrating these unlawful practices, Defendants have also willfully failed to keep accurate records of all hours worked by employees. Defendants have also willfully failed to provide paystubs to their employees and/or documentation of hours worked and monies paid to their employees.

55. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Opt-in Plaintiffs. Accordingly, Opt-in Plaintiffs must be paid overtime pay in accordance with the FLSA.

56. Opt-in Plaintiffs were automatically clocked out by Defendants for their meal breaks, but were/are required to perform work-related duties during meal breaks. P Opt-in Plaintiffs were/are not paid for work-related interruptions that occurred/occur during meal breaks during their shifts wherein they worked more than five consecutive hours. Defendants failed to change Plaintiff's and those Opt-in Plaintiffs' time records to reflect the additional time worked on behalf of the employer even when Opt-in Plaintiffs and those similarly situated requested that their time records be corrected by management.

57. Opt-in Plaintiffs were/are not properly paid for other work-related duties which occurred outside of their scheduled shift hours and/or on weekends. Defendants failed to change Opt-in Plaintiffs' time records to reflect the additional time worked on behalf of the employer even when Opt-in Plaintiffs requested that their time records be corrected by management.

58. Defendants failed to properly maintain accurate daily records of all hours worked by Opt-in Plaintiffs as required by federal and state law because Defendants are not properly recording all hours worked, including overtime.

59. Opt-in Plaintiffs are victims of a uniform compensation policy practice. This uniform policy and practice, in violation of the FLSA.

60. Opt-in Plaintiffs are entitled to damages equal to the unpaid wages and mandated overtime premium pay within the three years preceding the filing of this Complaint because Defendants acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

61. As a result of the aforesaid willful violations of the FLSA overtime provisions, overtime compensation has been unlawfully withheld by Defendants from Opt-in Plaintiffs for which Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre and post judgment interest, reasonable attorneys' fees, and costs of this action.

## SECOND CLAIM FOR RELIEF

**Violation of the Fair Labor Standards Act of 1938 and Failure to Maintain Records**

**(CLASS REPRESENTATIVE, INDIVIDUALLY)**

62. Plaintiff and those similarly situated re-allege, and incorporate here by reference, all allegations contained in paragraphs 1 through 61 of this Complaint as if set forth *verbatim*.

63. At all times material herein, Plaintiff, individually, is entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.

64. The FLSA regulates, among other things, payment of overtime pay by employers such as the Defendants.

65. Defendants were, and are, subject to the recordkeeping and overtime pay requirements of the FLSA because they are an enterprise engaged in commerce and its employees are engaged in commerce.

66. Defendants violated the FLSA by failing to pay Plaintiff for all of her time worked, including overtime. In the course of perpetrating these unlawful practices, Defendants have also willfully failed to keep accurate records of all hours worked by employees. Defendants have also willfully failed to provide paystubs to their employees and/or documentation of hours worked and monies paid to their employees.

67. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Opt-in Plaintiffs. Accordingly, Opt-in Plaintiffs must be paid overtime pay in accordance with the FLSA.

68. Plaintiff was automatically clocked out by Defendants for her meal breaks, but was required to perform work-related duties during meal breaks. Plaintiff was not paid for work-related interruptions that occurred/occur during meal breaks during her shifts wherein she worked more than five consecutive hours. Defendants failed to change Plaintiff's time records to reflect the additional time worked on behalf of the employer even when Plaintiff requested that her time records be corrected by management.

69. Plaintiff was not properly paid for other work-related duties which occurred outside of her scheduled shift hours and/or on weekends. Defendants failed to change Plaintiffs' time records to reflect the additional time worked on behalf of the employer even when Plaintiff requested that her time records be corrected by management.

70. Defendants failed to properly maintain accurate daily records of all hours worked by Plaintiff as required by federal and state law because Defendants are not properly recording all hours worked, including overtime.

71. Plaintiff is a victim of a uniform compensation policy practice. This uniform policy and practice, in violation of the FLSA.

72. Plaintiffs is entitled to damages equal to the unpaid wages and mandated overtime premium pay within the three years preceding the filing of this Complaint because Defendants acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

73. As a result of the aforesaid willful violations of the FLSA overtime provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff for which Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre and post judgment interest, reasonable attorneys' fees, and costs of this action.

**THIRD CLAIM FOR RELIEF**

**Violation of the Colorado Wage and Hour Laws and Failure to Maintain Records**

**(ALL CLASS MEMBERS)**

74. Plaintiff and those similarly situated re-allege, and incorporate here by reference, all allegations contained in paragraphs 1 through 73 of this Complaint as if set forth *verbatim*.

75. Defendants violated the Colorado Wage and hour laws, C.R.S. §§ 8-6-101 *et seq*.

76. Defendants are required under Colorado law to pay Colorado Opt-in Plaintiffs for their time that they worked for the benefit of Defendants.  7 COLO. CODE REGS. § 1103-1:2; 7 COLO. CODE REGS. § 1103-1:7.

77. Defendants are required under Colorado law to pay Opt-in Plaintiffs for unpaid wages and overtime work as well as unpaid work during meal breaks and unpaid work prior to or at the conclusion of Plaintiffs' shifts. 7 COLO. CODE REGS. § 1103-1:4.

78. Defendants are required under Colorado law to maintain accurate daily records of all hours worked by their employees including Opt-in Plaintiffs.  7 COLO. CODE REGS. § 1103-1:2.

79. Defendants are required under Colorado law to provide Opt-in Plaintiffs monthly documentation detailing hours paid.  C.R.S. §§ 8-4-103(4).

80. Because Defendants have not paid Opt-in Plaintiffs for all hours worked, including overtime wages, and failed to properly maintain records, Opt-in Plaintiffs are entitled to damages pursuant to Colorado wage and hour laws.

## FOURTH CLAIM FOR RELIEF

**Violation of the Colorado Wage and Hour Laws Failure to Maintain Records**

**(CLASS REPRESENTATIVE)**

81. Plaintiff and those similarly situated re-allege, and incorporate here by reference, all allegations contained in paragraphs 1 through 96 of this Complaint as if set forth *verbatim*.

82. Defendants violated the Colorado Wage and hour laws, C.R.S. §§ 8-6-101 *et seq*.

83. Defendants are required under Colorado law to pay Plaintiff individually for her time that she worked for the benefit of Defendants.  7 COLO. CODE REGS. § 1103-1:2; 7 COLO. CODE REGS. § 1103-1:7.

84. Defendants are required under Colorado law to pay Plaintiff individually for unpaid wages and overtime work as well as unpaid work during meal breaks and unpaid work prior to, at the conclusion of and on weekends. 7 COLO. CODE REGS. § 1103-1:4.

85. Defendants are required under Colorado law to maintain accurate daily records of all hours worked by its employees including Plaintiff.  7 COLO. CODE REGS. § 1103-1:2.

86. Defendants are required under Colorado law to provide Plaintiff monthly documentation detailing hours paid.  C.R.S. §§ 8-4-103(4).

87. Because Defendants have not paid Plaintiff individually for all hours worked, including overtime wages and failed to properly maintain records Plaintiff has been individually damaged in an amount to be determined damages pursuant to Colorado wage and hour laws.

## FIFTH CLAIM FOR RELIEF

**Retaliation for Exercising Rights Pursuant to the Fair Labor Standards Act of 1938**

**(CLASS REPRESENTATIVE)**

88. Plaintiff and those similarly situated re-allege, and incorporate here by reference, all allegations contained in paragraphs 1 through 88 of this Complaint as if set forth *verbatim*.

89. Section 215(a)(3) of the FLSA provides that it is unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA] . . ."

90. Plaintiff was terminated, in part, by Defendants after complaining to Defendants that she being properly paid for hours worked, including overtime. [1]

91. Plaintiff requested her time entries and pay stubs records detailing hours worked and payment for such hours, but Defendants terminated her employment and refused to produce her time entries and pay stubs because it was Defendants' policy.

92. As a result of Defendants actions, Plaintiff suffered severe emotional distress.

93. These acts constitute retaliation pursuant to the FLSA and, as such Defendants are liable pursuant to 29 U.S.C. §215; 29 U.S.C. §216(b), together with an equal amount as liquidated damages, pre and post judgment interest, reasonable attorney's fees, costs of this action as well as a compensatory damage award for front pay and/or compensation for future losses, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

---

[1] Plaintiff also believes that she was illegally terminated due to sex and disability discrimination in violation of state and federal law. Plaintiff filed a Charge of Discrimination with the Colorado Civil Rights Division and is currently awaiting its investigation of these claims.

## SIXTH CLAIM FOR RELIEF

### Reprisals Violation of the Colorado Wage and Hour Laws

### (CLASS REPRESENTATIVE)

94. Plaintiff and those similarly situated re-allege, and incorporate here by reference, all allegations contained in paragraphs 1 through 93 of this Complaint as if set forth *verbatim*.

95. 7 COLO. CODE REGS. § 1103-1:19 provides that employers shall not threaten, coerce, or discharge any employee because of participation in any investigation or hearing relating to the [wage act].

96. Plaintiff complained to Defendants that she was not being properly paid for hours worked, including overtime.

97. Plaintiff was terminated by Defendants after complaining to Defendants that she being properly paid for hours worked, including overtime.

98. Plaintiff requested her time entries and pay stubs records detailing hours worked and payment for such hours, but Defendants terminated her employment and refused to produce her time entries and pay stubs because it was Defendants' policy.

99. As a result of Defendants actions, Plaintiff has suffered severe emotional distress.

100. Plaintiff made a timely demand for payment of owed wages pursuant to C.R.S. §§ 8-4-109(3).

101. Defendants' actions are in direct violation of 7 COLO. CODE REGS. § 1103-1:19.

102. As a result of Defendants' violations of 7 COLO. CODE REGS. § 1103-1:19, Plaintiff has been damaged and is entitled to damages pursuant to Colorado wage and hour laws.

## SEVENTH CLAIM FOR RELIEF

### Breach of Contract

### (ALL CLASS MEMBERS)

103. Plaintiff and those similarly situated re-allege, and incorporate here by reference, all allegations contained in paragraphs 1 through 102 of this Complaint as if set forth *verbatim*.

104. Throughout Opt-in Plaintiffs' employment, Defendants have promulgated written and oral policies and procedures and a Corporate Integrity Agreement.

105. These policies and procedures were distributed to Opt-in Plaintiffs.

106. These policies and procedures constitute a contractual commitment to Opt-in Plaintiffs.

107. Opt-in Plaintiffs accepted Defendants' policies and procedures, and in return continued to work for Defendants.

108. Defendants breached their contractual commitment to Opt-in Plaintiffs by violating Defendants' policies and procedures regarding pay and anti-harassment of employees; therefore Defendants breached the contract.

109. Defendants never effectively disclaimed their contractual obligations to Opt-in Plaintiffs.

110. As a direct and proximate result of Defendants' breach of contract, Opt-in Plaintiffs have suffered and will suffer damages, including non-economic damages.

## EIGHTH CLAIM FOR RELIEF

### Breach of Contract

### (CLASS REPRESENTATIVE)

111. Plaintiff and those similarly situated re-allege, and incorporate here by reference, all allegations contained in paragraphs 1 through 110 of this Complaint as if set forth *verbatim*.

112. Throughout Plaintiff's employment, Defendants have promulgated written and oral policies and procedures and a Corporate Integrity Agreements.

113. These policies and procedures were distributed to Plaintiff.

114. These policies and procedures constitute a contractual commitment to Plaintiff.

115. Plaintiff accepted Defendants' policies and procedures, and in return continued to work for Defendants.

116. Defendants breached their contractual commitment to Plaintiff by violating Defendants' policies and procedures regarding pay and anti-harassment of employees.

117. Plaintiff complained to Defendants that she was not being properly paid for hours worked, including overtime.

118. Plaintiff was terminated by Defendants after complaining to Defendants that she being properly paid for hours worked, including overtime; therefore Defendants breached the contract.

119. Plaintiff requested her time entries and pay stubs records detailing hours worked and payment for such hours, but Defendants terminated her employment and refused to produce her time entries and pay stubs because it was Defendants' policy.

120. Defendants never effectively disclaimed their contractual obligations to Plaintiff.

121. As a direct and proximate result of Defendants' breach of contract, Plaintiff has suffered and will suffer damages, including non-economic damages.

**WHEREFORE**, Plaintiff, individually and collectively on behalf of those persons similarly situated to Plaintiff, demand judgment against Defendants, for the payment of compensation for which they have not been properly paid, liquidated damages, reasonable attorney's fees and costs, prejudgment interest, and for all other appropriate relief requested herein and available pursuant to federal and state law.

## JURY DEMAND

Plaintiff and those similarly situated request a trial by jury on all issues so triable.

DATED this September 9, 2015.

Respectfully submitted,

*/s/ Colleen T. Calandra*
Colleen T. Calandra, Esq. (# 41788)
Ramos Law
3000 Youngfield Street
Wheat Ridge, CO 80215
Phone Number:   (303) 733-6353
Fax Number:     (303) 865-5666
colleen@ramoslaw.com
*Attorney for Class Representatives and Opt-In Plaintiffs*