EXHIBIT 71

# DECLARATION OF JHON QUINTERO

I, Jhon Quintero, do hereby swear and affirm as follows:

1. I make this declaration entirely of my own free will and choice. No promises of benefits or threats have been made to me to persuade me to sign it or participate in this interview. I read and understood the "Opening Statement: Who We Are and the Purpose of the Interview" statement provided to me by Davita, Inc.'s attorney prior to signing this declaration.

2. Since 2005, I have been employed by Davita in the position of Patient Care Technician (PCT) in Houston, Texas.

3. Davita provides dialysis for patients that have renal failure. The treatment becomes necessary when a patient does not have a way to get rid of the excess fluid due to kidney failure. The treatment uses a machine to remove the excess fluid and clean the patient's blood.

4. I have not worked with and do not know Elina Navarro, Kelsey Oldershaw, Jane Stant, or Jaymie Stevens.

5. As a PCT, I am responsible for patient care, providing safe dialysis treatment for patients, and training new employees on Davita's procedures. Before a patient begins treatment, I check the patients' flowsheets for what each patient needs for his or her treatment and will prepare the station. When a patient arrives, I will assess the patient by checking vital signs and questioning the patient about any issues since their last treatment. Before the patient leaves, I will re-assess the patient to ensure that the patient is going home in a good condition.

6. Once I arrive at work, I first clock in and then go to the floor check the flow sheets to see what patients I am assigned to. I then prepare the stations in the bay that I am assigned to that day. After I have done this, I will start bringing the patients in and start their

treatment. When treatment has started for all for of my patients, I will monitor their treatment throughout its duration. The duration of a patient's treatment is determined by his or her doctor, but it can range from 2:45 to 4:30. I receive a 30-minute paid break in the morning. I also receive a 30-minute lunch break, for which I clock in and out. As patients' treatment concludes, I will clean out the area and prepare it for the next patient. At the end of my shift, I clean and disinfect my assigned area and machines.

7. As far as scheduling, the Facility Administrator, Mutia Gondowardono, makes the monthly schedule for all of the staff and the Charge Nurse or the Clinical Coordinator typically makes the weekly patient assignments for the PCTs. My schedule remains fairly constant and I work four days per week from 5:00 a.m. to 4:00 p.m. (or until my patients have completed their treatments). I will work additional overtime hours when it is necessary to do so based o facility needs.

8. I am responsible for recording all of the time I work and understand I am paid based on the time reflected in my time punches. If I forget to clock in or clock out, I will typically let the Administrative Assistant or the Facility Administrator know and that time will be corrected on my pay check.

9. I generally work at least 40 hours in a week. When I work over 40 hours in a week, I am paid time-and-a-half for those hours. No one at Davita has discouraged me from reporting the overtime hours that I have worked.

10. In regard to my paystubs, I receive an electonic statement every two weeks that lists the hours I have worked in that pay period by shift. I believe that Davita has compensated me appropriately for the work I have done. I have not performed work off-the-clock, and I am not aware of any other team members at this facility who perform off-the-clock work.

11. In the past I have had to call People Services regarding an issue my benefits. The phone number to People Services is available on the company's intranet website. In addition, there is a hotline number that teammates can call with any issues, which is posted on the intranet and is available in the front office.

12. I understand that if I have any questions about the hours I work or the amount I am paid for my work that I should direct such questions to the Facility Administrator. In the past, I had one issue with being paid the incorrect amount, but Davita immediately corrected the error and notified me of it.

13. I am over 18 years of age and legally qualified to make this declaration, which I make of my own personal knowledge. If called and sworn as a witness, I would testify to these facts. I understand that this declaration is being provided to attorneys for Davita and Total Renal Care, and I understand that this declaration may be used for a variety of purposes in litigation.

I declare under penalty of perjury pursuant to 28 USC § 1746 that the foregoing is true and correct. Executed this 9th day of August, 2016.

JHON QUINTERO

**OPENING STATEMENT:**
**WHO WE ARE AND THE PURPOSE OF THE INTERVIEW**

I am an attorney with the Ogletree Deakins law firm, and we represent DaVita Healthcare Partners, Inc. ("DaVita ") and Total Renal Care, Inc. ("Total Renal Care") in connection with a lawsuit filed by Kelsey Oldershaw, Elina Navarro, Jane Stant, and Jaymie Stevens (the "Plaintiffs") for alleged violations of the Fair Labor Standards Act ("FLSA") and various state statutes. The lawsuit is pending in the United States District Court for the District of Colorado. Plaintiffs are claiming, among other things, that they were misclassified as exempt and therefore did not receive overtime pay and that they worked hours for which they were not properly compensated in violation of the FLSA, the Colorado Wage Claim Act, and the Colorado Minimum Wage Order. Plaintiffs are seeking to have the case certified as a class and collective action and to bring this suit on behalf of all similarly situated employees. They seek to recover damages, including unpaid wages, overtime, penalties, and attorneys' fees and costs. Because you either are or were working in jobs similar to Plaintiffs, you are a potential class member in the lawsuit. DaVita and Total Renal Care deny the claims Plaintiffs allege and are actively defending themselves against the lawsuit.

In investigating this matter, I would like to talk to you about the facts surrounding Plaintiffs' claims and, more specifically, about your employment with DaVita and/or Total Renal Care. You have no obligation to talk to me. I represent the defendants in this case and do not represent you personally or any other current or former DaVita or Total Renal Care employees. If you do speak with me, it will be entirely voluntary on your part. If you agree to speak with me, please understand that I only want to know the true facts as you know them. I cannot provide you with any advice concerning your relationship with DaVita, Total Renal Care, or the lawsuit.

There will be no reward or benefit to you if you talk with me, and there will be no detriment to, or reprisal against you, if you do not wish to speak with me. Your job will not be affected positively or negatively, regardless of your decision. If you agree to talk to me, please answer my questions truthfully. Because Plaintiffs are claiming other DaVita and Total Renal Care employees may be similarly situated to them, they may seek to have this case certified as a class or collective action as noted above. If they do that, any declarations you sign may be used in that matter and may affect your ability to join the case.

**Acknowledgement**

I, the undersigned, have read the above and voluntarily agree to talk with CHRISTOPHER C. WIKE. I have not been threatened or coerced by CHRISTOPHER C. WIKE or anyone else into participating in this interview.

I am not currently represented by counsel in connection with the above-referenced matter or any other matter involving DaVita or Total Renal Care.

Print Name: [handwritten name]

Signature: [signature]

Date: 08/04/2016