**EXHIBIT 89**

# DECLARATION OF MICHELE VOLCY

I, Michele Volcy, do hereby swear and affirm as follows:

1. I make this declaration entirely of my own free will and choice. No promises of benefits or threats have been made to me to persuade me to sign it or participate in this interview.

2. I read and understood the "Opening Statement: Who We Are and the Purpose of the Interview" statement provided to me by Davita, Inc.'s attorney prior to signing this declaration.

3. Davita provides dialysis services for patients with kidney failure.

4. From June 2015 to date, I have been employed by Davita in the position of Licensed Practical Nurse (LPN). I started working with Davita in the Cumming, Georgia location. In September 2015, I transferred to a Davita location in Atlanta, Georgia. Most recently, in June 2016, I transferred to the Roswell, Georgia location, which is where I presently am assigned. As needed, I also work at the Gainesville, Georgia location; however, that only happens a few times a month.

5. Prior to becoming a LPN, I worked as a Certified Nursing Assistant for various companies in New Jersey.

6. I have not worked with and do not know Elina Navarro, Kelsey Oldershaw, Jane Stant, or Jaymie Stevens.

7. As a LPN, I am responsible for providing dialysis treatments to patients. This includes connecting patients to the dialysis machine, assessing patient vitals, preparing and administering medications to patients, and assessing patients once the treatment has concluded. I also educate patients on how to care for their dialysis access point. On some occasions, I also

collect specimens from patients to be sent to the lab for testing. It is my responsibility to monitor overall patient health and wellness while these dialysis treatments are being administered.

8. Unless I request a day off or take vacation, I typically work the same hours every week. Generally, I work from 5:45am – 4pm on Mondays, Wednesdays, and Fridays.

9. On average, I work approximately 30 hours a week. However, some weeks I will pick up additional hours by working on Tuesdays, Thursdays, or Saturdays at the Gainesville, Georgia location. I only pick up these additional hours if I want to hit 40 hours a week.

10. On a few occasions I have worked over 40 hours in a week. On those occasions, I was paid time-and-a-half for all overtime hours.

11. I am paid an hourly rate of $24.00, and am also paid time-and-a-half for overtime. I have never had a problem recording or getting paid for overtime.

12. I am responsible for recording all of the time I work and understand I am paid based on the time I submit to the time clock system. Once I arrive at work, I always clock-in first using the time clock system keypad near the break room. I clock in using my employee ID number. I record all of the hours that I work.

13. When I was hired, my Administrative Assistant trained me on how to clock in and clock out. At that time, my Facility Administrator told me that working off-the-clock is strictly prohibited.

14. My Facility Administrator also told me that if I forget to clock-in or clock-out, I should inform my Administrative Assistant or Facility Administrator to request a time adjustment.

15. On one occasion, I forgot to clock in. I informed my Facility Administrator and received an accurate time adjustment.

16. I review my time records and my pay stubs every two weeks when I am paid. I believe Davita has compensated me appropriately for the work I have done.

17. I have not performed work off-the-clock, and I am not aware of any other team members at Davita who perform off-the-clock work.

18. I understand that if I have any questions about the hours I work or the amount I am paid for my work that I should direct such questions to Facility Administrator. Although I have never raised such issues with my Facility Administrator, I know that I could if I needed. Alternatively, I know that I could speak with someone in Human Resources if needed.

19. I am over 18 years of age and legally qualified to make this declaration, which I make of my own personal knowledge. If called and sworn as a witness, I would testify to these facts. I understand that this declaration is being provided to attorneys for Davita and Total Renal Care, and I understand that this declaration may be used for a variety of purposes in litigation.

I declare under penalty of perjury pursuant to 28 USC § 1746 that the foregoing is true and correct.

Executed this 17th day of August, 2016.

Michele Volcy

**OPENING STATEMENT:**
**WHO WE ARE AND THE PURPOSE OF THE INTERVIEW**

I am an attorney with the Ogletree Deakins law firm, and we represent DaVita Healthcare Partners, Inc. ("DaVita ") and Total Renal Care, Inc. ("Total Renal Care") in connection with a lawsuit filed by Kelsey Oldershaw, Elina Navarro, Jane Stant, and Jaymie Stevens (the "Plaintiffs") for alleged violations of the Fair Labor Standards Act ("FLSA") and various state statutes. The lawsuit is pending in the United States District Court for the District of Colorado. Plaintiffs are claiming, among other things, that they were misclassified as exempt and therefore did not receive overtime pay and that they worked hours for which they were not properly compensated in violation of the FLSA, the Colorado Wage Claim Act, and the Colorado Minimum Wage Order. Plaintiffs are seeking to have the case certified as a class and collective action and to bring this suit on behalf of all similarly situated employees. They seek to recover damages, including unpaid wages, overtime, penalties, and attorneys' fees and costs. Because you either are or were working in jobs similar to Plaintiffs, you are a potential class member in the lawsuit. DaVita and Total Renal Care deny the claims Plaintiffs allege and are actively defending themselves against the lawsuit.

In investigating this matter, I would like to talk to you about the facts surrounding Plaintiffs' claims and, more specifically, about your employment with DaVita and/or Total Renal Care. You have no obligation to talk to me. I represent the defendants in this case and do not represent you personally or any other current or former DaVita or Total Renal Care employees. If you do speak with me, it will be entirely voluntary on your part. If you agree to speak with me, please understand that I only want to know the true facts as you know them. I cannot provide you with any advice concerning your relationship with DaVita, Total Renal Care, or the lawsuit.

There will be no reward or benefit to you if you talk with me, and there will be no detriment to, or reprisal against you, if you do not wish to speak with me. Your job will not be affected positively or negatively, regardless of your decision. If you agree to talk to me, please answer my questions truthfully. Because Plaintiffs are claiming other DaVita and Total Renal Care employees may be similarly situated to them, they may seek to have this case certified as a class or collective action as noted above. If they do that, any declarations you sign may be used in that matter and may affect your ability to join the case.

**Acknowledgement**

I, the undersigned, have read the above and voluntarily agree to talk with Sherry A. Nielsen. I have not been threatened or coerced by Sherry A. Nielsen or anyone else into participating in this interview.

I am not currently represented by counsel in connection with the above-referenced matter or any other matter involving DaVita or Total Renal Care.

Print Name: Michele Voley

Signature: [signature]

Date: 08/17/16