IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01964-MSK-NYW

KELSEY OLDERSHAW,
ELINA NAVARRO,
JANE STANT, and
JAYMIE STEVENS, individually and on behalf of others similarly situated,

    Plaintiffs,

v.

DAVITA HEALTHCARE PARTNERS, INC., and
TOTAL RENAL CARE INC.,

    Defendants.

___

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SANCTIONS**
___

Magistrate Judge Nina Y. Wang

This matter comes before the court on Defendants' Motion for Sanctions, [#194, filed April 20, 2018], which was referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), the Order Referring Case dated November 8, 2016 [#81], and the memorandum dated April 20, 2018 [#195]. This court has considered the Parties' submissions, the entire docket, and the applicable case law, and hereby **GRANTS IN PART and DENIES IN PART** the Motion for Sanctions.

## BACKGROUND

Plaintiffs Kelsey Oldershaw ("Ms. Oldershaw"), Elina Navarro ("Ms. Navarro"), Jane Stant ("Ms. Stant"), and Jaymie Stevens ("Ms. Stevens") (collectively, "Plaintiffs") initiated this lawsuit individually and on behalf of others similarly situated to allege wage violations by Defendants Davita Healthcare Partners, Inc. and Total Renal Care Inc. (collectively,

"Defendants"). [#33]. This court has discussed the background of this case in detail in previous orders and will not repeat itself here other than to describe the factual circumstances most relevant to the issues at hand.

The case was originally assigned to the Honorable John L. Kane, who entered the first Scheduling Order on January 26, 2016. *See* [#15]. Judge Kane entered a number of orders amending the schedule, *see, e.g.*, [#42, #53], before recusing on November 7, 2016. [#78, #79]. The case was then reassigned to the Honorable Marcia S. Krieger, who referred the matter to the undersigned Magistrate Judge for certain pretrial matters. [#81]. Following the referral, this court held a Status Conference and, again, amended the pretrial deadlines. *See* [#91]. Discovery progressed, albeit with a number of disputes arising between the Parties that necessitated court intervention and extensions of time. *See, e.g.,* [#112, #118, #121, #124].

On June 1, 2017, Chief Judge Krieger issued a Supplemental Opinion and Order with Regard to Bifurcation of Claims, in which she distinguished between a collective action arising under the Fair Labor Standards Act ("FLSA") and a class action for claims under the Colorado Wage Claim Act ("CWCA") brought pursuant to Rule 23 of the Federal Rules of Civil Procedure. [#130]. As stated in the Supplemental Opinion and Order, "the FLSA 'collective action' acts much like a civil suit with many plaintiffs who pursue their own claims." [*Id.* at 5]. Opting in is an act of consent to identify the employee's individual claim. [*Id.* at 7]. In an FLSA collective action, every plaintiff, original or "opt-in," is free to pursue his or her individual claim. [*Id.* at 8]. On July 13, 2017, this court held a Supplemental Scheduling Conference, [#136, #137], and, in light of the Supplemental Opinion and Order, entered a Supplemental Scheduling Order that set a total number of hours for depositions of all opt-in plaintiffs, to be allocated up to a total of four (4) hours for any single opt-in plaintiff. [#137 at 6].

Jamie Lubken ("Ms. Lubken") is an opt-in plaintiff who is represented by the Ramos Law Firm. *See* [#194 at 1]. In response to Defendants' request, Plaintiffs' counsel provided Ms. Lubken's address in Queen Creek, Arizona, and identified February 16, 2018 at 1:30 p.m. as the acceptable date and time for her deposition. [#194-1]. On February 5, 2018, Defendants served a Notice of Deposition for Ms. Lubken's deposition to take place in Phoenix, Arizona at the date and time provided by Plaintiffs' counsel. [#194-2]. Defense counsel thereafter traveled to Phoenix to take Ms. Lubken's deposition. [#194 at 2]. At approximately 1:00 p.m. on February 16, Plaintiffs' counsel became aware that Ms. Lubken would not appear for her deposition, but counsel did not send an email to opposing counsel until 1:26 p.m., at which time counsel for Plaintiffs informed counsel for Defendants that Ms. Lubken had mistakenly believed that her deposition was scheduled for March, and would not be appearing for the time scheduled in the Notice. [#194-3 at 1]. The Parties rescheduled Ms. Lubken's deposition for March 22, 2018, at which time Ms. Lubken appeared and provided testimony. [#194 at 2 n.1].

**LEGAL STANDARD**

**I.     Depositions under Rule 30 of the Federal Rules of Civil Procedure**

Rule 30 contemplates that subject to some exceptions a party may, by oral questions, depose any person, including a party. Fed. R. Civ. P. 30(a)(1). Notice is required, and must state the time and place of the deposition, and, if known, the deponent's name and address. Fed. R. Civ. P. 30(b)(1). A live deposition, i.e., one where the deponent and parties appear in one place together, is the presumptive method of deposition. While other Districts within the Tenth Circuit hold that, as a general rule, plaintiffs must make themselves available for deposition in the district in which they bring suit, *see Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 600 (D. Kan. 2012), this District follows the general principle that "[i]n the absence of exceptional or unusual

3

circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party." *Delorey v. P&B Transp. Inc.*, No. 07-cv-01916-WYD-KMT, 2008 WL 2751342, at *1 (D. Colo. July 11, 2008) (citing *Metrex Research Corp. v. United States*, 151 F.R.D. 122, 125 (D. Colo. 1993)).

The parties may stipulate, or the court upon motion may order, that a deposition be taken by telephone or other remote means. Fed. R. Civ. P. 30(b)(4). But there is no requirement, without stipulation or court order, that parties use telephonic or remote means for a deposition. In this case, there was no stipulation or order for the deposition to occur by remote means, nor was there an order directing for the deposition to occur remotely.

## II.     Rule 37(d) of the Federal Rules of Civil Procedure

Rule 37(d) provides that "[t]he court where the action is pending may, on motion, order sanctions if (i) a party … fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Sanctions may include any orders listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(d)(3). Instead of, or in addition to, such sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. *Id*. Courts in this District interpreting the Rule have found that it is mandatory in nature if the court finds that a party's failure was not substantially justified and that other circumstances do not make an award of expenses unjust. *See, e.g., Carbajal v. Warner*, No. 10-CV-02862-REB-KLM, 2014 WL 145305, at *3 (D. Colo. Jan. 14, 2014). *See also Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir. 2008) ("[C]ourts and commentators alike have held that the provision

requires the award of expenses unless the disobedient party meets that burden[.]") (quotations omitted). *Cf. Doporto v. Chan Kim,* No. CV 10-0145 JCH/WPL, 2012 WL 13076187, at *2 (D.N.M. Oct. 4, 2012) (observing that "Rule 37(d) is not an absolute rule, though, and the court may not issue sanctions when the individual's absence was "substantially justified or other circumstances make an award of expenses unjust.").[1] Because Defendants only request monetary sanctions, this court's analysis is limited to whether an award of expenses is justified in this instance.

## ANALYSIS

**I.    Application of Rule 37(d)**

The court focuses its analysis on whether Ms. Lubken was substantially justified in missing her deposition, or if there are other circumstances that would make an award of expenses unjust. As mentioned, Ms. Lubken mistakenly thought her deposition was scheduled for March 16, 2018, and she could not leave work on February 16, 2018, when alerted as to her mistake. The Tenth Circuit has observed that whether an absence is "substantially justified" depends upon the particular facts of the case, and the controlling definition means "justified to a degree that could satisfy a reasonable person." *Hutchinson v. Pfeil*, 201 F.3d 448 (10th Cir. 1999). In this case, there is no dispute that Ms. Lubken was properly noticed for her deposition, which was scheduled on a date identified by her counsel of record at a location in the vicinity of where Ms. Lubken resides. [#194-2]. There is also no ambiguity in the Notice itself that Defendants intended to proceed with the deposition in person at the Jackson Lewis firm located in Phoenix,

---

[1]    Courts also rely upon Rule 30(d)(2) of the Federal Rules of Civil Procedure to award sanctions for failure to appear at a properly-noticed deposition. *F.T.C. v. Dalbey*, No. 11-CV-01396-RBJ-KLM, 2011 WL 6413819, at *2 (D. Colo. Dec. 21, 2011) (citations omitted). The language of Rule 30(d)(2) is discretionary, i.e., it uses the term "may" instead of "must." Fed. R. Civ. P. 30(d)(2).

5

Arizona, and not by remote means. [#194-2]. And Plaintiffs do not argue, nor could they, that defense counsel provided Ms. Lubken insufficient notice of the deposition, because it appears that the Notice of Deposition was based upon Ms. Lubken's availability as relayed by her attorney. *Compare* [#194-1] *with* [#194-2]. In addition, Ms. Lubken has been represented by counsel since opting into this action. *See* [#134 at 2; #134-2 at 5]. Based on the record before it, this court finds that Ms. Lubken's mistake, though inadvertent and not repeated, was not substantially justified.

Nor does this court find that an award of expenses in this instance would be unjust. The Notice of Collective Action Lawsuit clearly indicates to all potential opt-in plaintiffs that they may be "asked to provide information to counsel for the parties, sit for depositions, and/or testify in court." [#119-1 at 2]. As discussed above, Defendants properly noticed Ms. Lubken's deposition, and, through no fault of Defendants, Ms. Lubken failed to appear; and the record does not suggest that Ms. Lubken's counsel undertook efforts prior to the date of the deposition to confirm her attendance. This court is not persuaded that an award of expenses is inappropriate simply because the attorneys appearing in this matter have scheduled a significant number of depositions and expended efforts in rescheduling certain depositions so as to accommodate the deponents and counsel of record. Nor do Ms. Lubken's arguments that she could and should have been deposed by remote means persuade the court that an award of expenses is unjust. Ms. Lubken is a Plaintiff in this action and proceeds in this case on her own individual claim. *See* [#130 at 5]. Additionally, there is no indication in the record before the court that Ms. Lubken agreed to proceed through a representative and be bound by the decisions of the named Plaintiff, Kelsey Oldershaw. *See* [#119-1 at 2 (explaining difference between proceeding personally or through a representative)]. Therefore, this court concludes that this is not an instance where the

deposition was anticipated to be "fairly uncomplicated, largely non-controversial." *Pappas v. Frank Azar & Assocs., P.C.*, No. 06–cv–01024–MSK–BNB, 2008 WL 920130, *2 (D. Colo. Apr. 3, 2008). Indeed, it appears that Ms. Lubken's testimony and documents are included in Defendants' Motion for Summary Judgment, *see* [#199, #199-9, #199-10], as well as in the Response to Defendants' Motion to Decertify [#202, #202-17, #202-38]. Finally, and contrary to Plaintiffs' assertion, this case is not similar to matters where lead counsel has engaged local counsel who has both entered an appearance and participated in discovery and pretrial proceedings in the case. [#201 at 4 (citing *Mitcham v. Americold Logistics, LLC*, No. 17–cv–00808–WJM–NYW, 2017 WL 4163359, *6 (D. Colo. Sept. 20, 2017))].

## II. Reasonable Expenses

Having found that an award of expenses is appropriate, the court now turns to whether the amount requested by Defendants is reasonable. *See* Fed. R. Civ. P. 37(d) (requiring the party or its counsel or both to pay the reasonable expenses, including attorney's fees caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust). As an initial matter, Plaintiffs concede that the payment of $150 for court reporter fees is appropriate. This court thus considers whether it is reasonable to assess the $430.38 in travel costs (including airfare, parking, and meals) and the $2,664 in attorney's fees.

As discussed above, this court concludes that examination of Ms. Lubken by Defendants' counsel of record, who is located in Denver, Colorado, was appropriate. Courts across the country consistently award travel costs associated with a plaintiff's failure to attend her own deposition. *See, e.g., Lew v. Kona Hosp.*, 754 F.2d 1420, 1426 (9th Cir. 1985) (affirming an award of travel costs associated with plaintiff's missed deposition); *Bray v. Memphis State Univ.*, 88 F.R.D. 90, 91 (W.D. Tenn. 1980). Therefore, this court will award Defendants the cost of

counsel's airplane ticket, reflected as $355.98, and $24.75 in parking, for a total of $380.73; this court will not, however, award the cost of meals incident to travel as Defendants have provided no authority—and this court has found none—to support reimbursement for such expenses.

With respect to Defendants' request for attorney's fees, this court will order reimbursement for the .3 hour required to "[e]xchange email correspondence with plaintiff's counsel regarding Jamie Lubken's failure to appear for deposition." [#204-1 at 1]. Additionally, while this court acknowledges the 4.6 hours expended by defense counsel to travel to Phoenix, it will limit reimbursable time to the .5 hour spent waiting for the deposition to begin (because the record suggests that defense counsel may not have been available at the Phoenix office of Jackson Lewis any earlier than 1:00 p.m., *see* [#194-3 at 1]). *See Kerr v. American Airlines,* Case No. 15-cv-4850-DLI-SJB, 2018 WL 1747039, at *4 (E.D.N.Y. Apr. 11, 2018) (allowing reimbursement for 45 minutes used waiting for a deposition). There is no explanation in the record why defense counsel was unable to devote a substantial portion of her travel time working on other matters in this case, or on other cases, and there is no representation that the client paid for counsel's time spent on travel exclusive of substantive work. In addition, the 2.5 hours counsel claims in time used preparing for Ms. Lubken's deposition would have been allocated for that preparation regardless of whether Ms. Lubken appeared or failed to appear and, presumably, that preparation was not later duplicated for Ms. Lubken's deposition that occurred in March 2018. Accordingly, this court finds that .8 hour of attorney time is reasonable. And this court will apply the rate of $295 per hour, which is the median rate for labor and employment attorneys as reflected in the Colorado Bar Association's 2017 Economics of Law

Practice Survey, for a total of $236.00.[2]

Finally, although Rule 37(d) allows for the court to assess reasonable expenses against the attorney for the party who failed to act, this court will only award such costs against Ms. Lubken, because it is not clear that counsel was responsible for her failure to appear, and will leave the determination of apportionment of the actual payment of these expenses to Ms. Lubken and Plaintiffs' counsel.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1) Defendants' Motion for Sanctions [#194] is **GRANTED IN PART and DENIED IN PART**; and

(2) Defendants are **AWARDED** the amount of $766.73 in reasonable expenses, including attorney's fees, to be paid by Plaintiff Jamie Lubken no later than seven (7) days after the entry of judgment and/or any dismissal of Ms. Lubken's claims.

DATED: July 6, 2018  BY THE COURT:

*(signature)*
Nina Y. Wang
United States Magistrate Judge

---

[2] While Defendants cite to a Denver Business Journal article entitled "Survey: Big 3 Denver Law Firms Close on Rates," this court finds that the Economic Survey from 2017 conducted by the Colorado Bar Association is a more appropriate reference to assess a lodestar rate for attorney's fees.